# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0473V

JOHN BRADBERRY,

                        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                        Respondent.

Chief Special Master Corcoran

Filed: August 9, 2024

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Elizabeth Andary, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES[1]

On April 20, 2020, John Bradberry filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that after receipt of a pneumococcal conjugate ("Prevnar-13") vaccine on November 17, 2018, he suffered a shoulder injury related to vaccine administration ("SIRVA"), corresponding to a listing on the Vaccine Injury Table (the "Table"). Petition at 1; *see also* 42 C.F.R. §§ 100.3(a), (c)(10).

---

[1] Because this Ruling and Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

The case was assigned to the Special Processing Unit of the Office of Special Masters. Because entitlement was contested, the parties were ordered to file briefs addressing whether Petitioner has established a Table SIRVA claim, and in the event that I resolved entitlement in Petitioner's favor, setting forth their respective arguments on damages. The parties were subsequently notified that I would resolve this dispute via an expedited "Motions Day" hearing, which ultimately took place on August 9, 2024.

Petitioner argues that he has established a Table SIRVA, and is entitled to an award of $115,000.00 in past pain and suffering plus $415.00 in past unreimbursable expenses. *See generally* ECF Nos. 54, 57.

Respondent maintains that Petitioner has not preponderantly established that his injury or its residual effects for more than six months post-vaccination, as required for eligibility under the Program. Section 11(c)(1)(D)(i)). Respondent also disputes one Table SIRVA requirement – specifically whether Petitioner has preponderantly established the onset of pain within 48 hours of vaccination as required for a Table SIRVA. C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10)(ii). But if I find Petitioner entitled to compensation for a Table SIRVA, Respondent recommends an award of $45,000.00 for past pain and suffering, and $240.00 in unreimbursable expenses. *See generally* ECF No. 55.

After listening to the arguments of both sides, I issued an oral ruling on entitlement and damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A). An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. In another recent decision I discussed at length the legal standards to be considered in determining entitlement and damages and prior SIRVA compensation within SPU. I incorporate herein my prior discussion in Sections V - VII of *Crawford v. Sec'y of Health & Hum. Servs.*, No. 19-0544V, 2024 WL 1045147, at *12-22 (Fed. Cl. Feb. 5, 2024) to the instant Ruling and Decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my resolution of this matter.

Based on my consideration of the complete record as a whole and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A) I find that Petitioner has established an injury and residual effects lasting for over six months after the vaccination, that he suffered the onset of pain within 48 hours of his vaccination, and all other SIRVA Table requirements pursuant to 42 C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10). Additionally, Petitioner has established the additional requirements of Section 11(c), *i.e.,* receipt of a covered vaccine. *See generally* § 11(c)(1). I therefore find that Petitioner is entitled to

compensation in this case, and that a fair and appropriate damages award is $55,000.00 for Petitioner's actual pain and suffering, plus $415.00 for Petitioner's past unreimbursable expenses.[3]

Accordingly, **I award Petitioner a lump sum payment of $55,415.00 (representing $55,000.00 for actual pain and suffering, and $415.00 for unreimbursable past medical expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Since these amounts are being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.