<span style="color:red">Corrected</span>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0473V

|  |  |
|---|---|
| JOHN BRADBERRY, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: July 31, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Elilzabeth Andary, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 20, 2020, John Bradberry filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") following a pneumococcal conjugate vaccine he received on November 17, 2018. Petition at 1. On August 9, 2024, I issued a decision finding Petitioner entitled to compensation and awarding damages, following briefing and expedited Motions Day arguments by the parties. ECF No. 61.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $67,268.62 (representing $65,715.90 for fees and $1,552.72 for costs). Petitioner's Application for Fees and Costs filed Feb. 24, 2025, ECF No. 68. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on March 10, 2025, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 69. On March 11, 2025, Petitioner filed a reply requesting that the amount of fees and costs listed in Petitioner's motion be awarded. ECF No. 70.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees and costs to be awarded appropriate, for the reason set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

2

and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. Leah Durant utilized her 2024 hourly rate for one entry related to work performed in 2025. ECF No. 68-1 at 19 (entry dated 2/11/25). And the attorneys in this case correctly reduced their rates when performing work that does not require attorney expertise. *E.g., id.* at 15 (entry dated 8/23/23).

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing entitlement and damages to be excessive – although not egregiously so. *See* Petitioner's Brief on Entitlement and Damages, filed Dec. 11, 223, ECF No. 54; Petitioner's Reply to Respondent's Brief on Entitlement and Damages, filed Feb. 16, 2024, ECF No. 57. Petitioner's counsel expended approximately 18.5 hours drafting the entitlement and damages briefing and 18.5 hours drafting a reply, totaling 37.0[3] hours. ECF No. 68-1 at 16-17.

My above calculation does not include time spent preparing the initial demand which would have informed this later work or prior research, and I am therefore awarding fees associated with those tasks in full. *E.g.,* ECF No. 68-1 at 9 (entry for 2.0 hours finalizing a demand on 12/2/21), 14 (entry for 1.5 hours performing research on 6/13/23). Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., *id.* at 16 (entry dated 12/12/23).

It is unreasonable for counsel to spend so much time briefing, even the matter of both entitlement and damages in this case, where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in

---

[3] This total is calculated as follows: 18.5 hours billed on 11/30/23, 12/1/23, 12/4/23, and 12/11/23, by Richard Amada at a rate of $441; 5.5 hours billed on 1/25/24 and 2/16/24, by Richard Amada at a rate of $463; and 13.0 hours billed on 2/8/24 and 2/9/24, by Glen MacLeod at a rate of $584.

this matter),[4] in which attorneys have accomplished this task in about half the time.[5]

---

[4] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[5] *See,* e.g., *Creedon v. Sec'y of Health & Hum. Servs.*, No. 21-0309V (June 18, 2025) (8.9 and 6.0 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Miller v. Sec'y of Health & Hum. Servs.*, No. 22-0594V (June 13, 2025) (17.0 and 6.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Kelly v. Sec'y of Health & Hum. Servs.*, No. 21-2202V (June 13, 2025) (16.3 and 4.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Krebs v. Sec'y of Health & Hum. Servs.*, No. 21-0484V (June 13, 2025) (14.5 and 6.2 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively) *Field v. Sec'y of Health & Hum. Servs.*, No. 20-1958V (June 13, 2025) (9.5 and 4.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Donovan v. Sec'y of Health & Hum. Servs.*, No. 22-0306V (June 12, 2025) (16.6 and 10.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Luk v. Sec'y of Health & Hum. Servs.*, No. 23-0191V (June 11, 2025) (12.4 and 3.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Shields v. Sec'y of Health & Hum. Servs.*, No. 20-1970V (Jan. 27, 2025) (19.3 and 2.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Vaccaro v. Sec'y of Health & Hum. Servs.*, No. 20-1704V (Jan. 27, 2025) (8.6 and 4.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Schwalm v. Sec'y of Health & Hum. Servs.*, No. 21-0066V (Dec. 2, 2024) (12.2 and 6.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Stanton v. Sec'y of Health & Hum. Servs.*, No. 21-0360V (Nov. 25, 2024) (15.9 and 4.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Hirsch v. Sec'y of Health & Hum. Servs.*, No. 20-1110V (Nov. 25, 2024) (16.0 and 4.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Templin v. Sec'y of Health & Hum. Servs.*, No. 21-1446V (Nov. 25, 2024) (12.0 and 0.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively) *Kleinschmidt v. Sec'y of Health & Hum. Servs.*, No. 20-0680V (Apr. 9, 2024) (13.9 and 4.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Amor v. Sec'y of Health & Hum. Servs.*, No. 20-0978V (Apr. 10, 2024) (11.9 and 2.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *McGraw v. Sec'y of Health & Hum. Servs.*, No. 21-0072V (Apr. 1, 2024) (17.4 and 9.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Wilson-Blount v. Sec'y of Health & Hum. Servs.*, No. 21-1400V (Oct. 25, 2023) (14.2 and 7.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Bidlack v. Sec'y of Health & Hum. Servs.*, No. 20-0093V (Oct. 25, 2023) (9.4 and 6.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Johnson v. Sec'y of Health & Hum. Servs.*, No. 19-1543V (Aug. 17, 2023) (17.8 and 9.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.6 and 3.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting an entitlement and damages brief – although some time was doubtlessly saved by my March 9, 2020 factual ruling finding an appropriate pain onset); *C.H. v. Sec'y of Health & Hum. Servs.*, No. 20-0249V (May 16, 2023) (12.9 and 6.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 6, 2024).

Of course, having prevailed in this case, a fees award is generally appropriate. *Bradberry v. Sec'y of Health & Hum. Servs.,* No. 20-0473V, 2024 WL 4132544 (Fed. Cl. Spec. Mstr. Aug. 9, 2024) (also found at ECF No. 61). But the Act permits only an award of a *reasonable amount of* attorney's fees. The only issues being contested were severity and the appropriate amount of pain and suffering. *Id.* at *1; *see* Section 11(c)(1)(D)(i) (Vaccine Act's six-month severity requirement). And I ultimately awarded past pain and suffering compensation of $55,000.00, an award that was closer to the amount proposed by Respondent ($45,000.00), as opposed to $115,000.00 proposed by Petitioner – further underscoring the extent to which Petitioner's efforts in this behalf had a futile quality. *Bradberry,* 2024 WL 4132544 at *1-2. Thus, the circumstances of this case did not warrant devoting so much time to briefing.

Accordingly, I will reduce the sum to be awarded for entitlement damages briefing (**a total of 37.0 hours, or $18,297.00)** by *twenty percent*. Such an across-the-board reduction (which I am empowered to adopt)[6] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $3,659.40.**[7]

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 68-2. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 69.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$63,609.22 (representing $62,056.50 for fees and $1,552.72 for costs) to be paid through an ACH deposit to Petitioner's**

---

[6] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[7] This amount is calculated as follows: ($441 x 18.5 hrs. + $463 x 5.5 hrs. + $584 x 13.0 hrs.) x .20 = $3,659.40.

**counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.